1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RODNEY K. HALLETT,                      No.  2:14-cv-1002-JAM-EFB PS

12              Plaintiff,

13        v.                                 ORDER DISMISSING COMPLAINT WITH
                                             LEAVE TO AMEND
14   AMERICAN RIVER COLLEGE,

15              Defendant.

16

17        This case, in which plaintiff is proceeding *in propria persona*, was referred to the

18   undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff requests

19   authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*, and has submitted the

20   affidavit required thereunder which demonstrates that plaintiff is unable to prepay fees and costs

21   or give security thereof.  Accordingly, the request to proceed *in forma pauperis* is granted.  28

22   U.S.C. § 1915(a).

23        Determining that plaintiff may proceed *in forma pauperis* does not complete the required

24   inquiry.  Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the

25   allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on

26   which relief may be granted, or seeks monetary relief against an immune defendant.

27        Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,

28   520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it

1

1   fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

2   *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41

3   (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the 'grounds' of

4   his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

5   a cause of action's elements will not do.  Factual allegations must be enough to raise a right to

6   relief above the speculative level on the assumption that all of the complaint's allegations are

7   true." *Id*. (citations omitted).  Dismissal is appropriate based either on the lack of cognizable

8   legal theories or the lack of pleading sufficient facts to support cognizable legal theories.

9   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

10          In reviewing a complaint under this standard, the court must accept as true the allegations

11   of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976),

12   construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the

13   plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy

14   the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2)

15   "requires a complaint to include a short and plain statement of the claim showing that the pleader

16   is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds

17   upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing

18   *Conley v. Gibson*, 355 U.S. 41 (1957)).

19          Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only

20   those cases authorized by the Constitution and by Congress.  *Kokkonen v. Guardian Life Ins. Co.*,

21   511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332,

22   confer "federal question" and "diversity" jurisdiction, respectively.  Federal question jurisdiction

23   requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a

24   "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be

25   authorized by a federal statute that both regulates a specific subject matter and confers federal

26   jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke the court's diversity

27   jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

28   matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World*

2

1   *Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction

2   of the federal courts unless demonstrated otherwise.  *Kokkonen*, 511 U.S. at 376-78.  Lack of

3   subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys*

4   *Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

5          Plaintiff's complaint alleges that on September 12, 2013, a library supervisor at American

6   River College stole from plaintiff a duffel bag and a bottle of wine.  ECF No. 1 at 1, 6.  Plaintiff

7   further claims the "library supervisor has been sponsoring porn show(s) with 'Danielll of

8   www.streamen.com' from South America until November 22, 2013 (the 50th anniversary of

9   Kennedy's assassination)."  *Id.* at 1-2.  The complaint further alleges that plaintiff's "German

10  instructor deducted 20 points from [his] class total" and stated to plaintiff that "Germany doesn't

11  care about you.  Germany only cares about your money."  *Id.* at 2.  Plaintiff seeks $156.76 from

12  American River College for the money he spent on study materials for his German course.  *Id.*

13  Submitted with his complaint is a letter plaintiff sent to law enforcement in Colombia, in which

14  he recounts his allegations that a "rotten school official" stole his bottle of wine.  *Id.* at 6.

15         It is unclear from plaintiff's complaint whether this court has subject matter jurisdiction

16  over plaintiff's claim(s), since the complaint does not allege diversity of the parties and it is

17  unclear how the facts alleged in the complaint would give rise to a federal claim.  Plaintiff alleges

18  that this court has subject matter jurisdiction because the library supervisor has been sponsoring

19  online pornographic shows.  *Id.* at 1-2.  However, this allegation does not create federal question

20  jurisdiction.  Furthermore, it is unclear what specific claim plaintiff is attempting to allege against

21  defendant American River College.

22         Therefore, the complaint will be dismissed.  However, plaintiff is granted leave to file an

23  amended complaint, if he can allege a basis for this court's jurisdiction, as well as a cognizable

24  legal theory and sufficient facts in support of that cognizable legal theory.  *Lopez v. Smith*, 203

25  F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an

26  opportunity to amend to correct any deficiency in their complaints).  Should plaintiff choose to

27  file an amended complaint, the amended complaint shall clearly set forth the allegations against

28  defendant and shall specify a basis for this court's subject matter jurisdiction.  Any amended

complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c).  Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case.  Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed.  *See* Local Rule 110.

Accordingly, it is hereby ORDERED that:

1.  Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

2.  Plaintiff's complaint is dismissed with leave to amend, as provided herein.

3.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint.  The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."  Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED:  June 25, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4