UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY K. HALLETT,<br><br>        Plaintiff,<br><br>    v.<br><br>AMERICAN RIVER COLLEGE,<br><br>        Defendant. | No.  2:14-cv-1002-JAM-EFB PS<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

On June 26, 2014, the court granted plaintiff's request for leave to proceed *in forma pauperis*, but dismissed plaintiff's complaint with leave to amend pursuant to 28 U.S.C. § 1915(e)(2).[1]  ECF No. 3.  Plaintiff has filed a first amended complaint which is before the court for screening.  ECF No. 4.

Plaintiff's original complaint alleged that a library supervisor at American River College stole a duffel bag and a bottle of wine from plaintiff, and that the supervisor "has been sponsoring porn show(s) with 'Danielll of www.streammen.com' from South America until November 22, 2013 (the 50th anniversary of Kennedy's assassination."  ECF No. 1., Compl. at 1-2.  It further alleged that plaintiff's "German instructor deducted 20 points from [his] class total" and stated to plaintiff that "Germany doesn't care about you.  Germany only cares about your money."  *Id*. at 2.

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

1

1  Plaintiff submitted with his complaint a copy of a letter he had sent to law enforcement in
2  Colombia which recounted plaintiff's allegations that a "rotten school official" stole his bottle of
3  wine. *Id*. at 6.
4      The court's order dismissing that complaint noted the absence of any allegations that
5  could establish subject matter jurisdiction, given the absence of facts that give rise to a federal
6  claim or establish diversity of citizenship. ECF No. 3 at 3. Plaintiff was provided an opportunity
7  to amend to allege a basis for this court's jurisdiction, as well as facts that could support a
8  cognizable claim. *Id*. The amended complaint has failed to do so. It again alleges that a school
9  official stole his duffel bag and bottle of wine and asserts that at the time of the theft, "'Daniell'
10 of www.streamen.com was in an electronically-monitored school computer screen." *Id*. at 1. It
11 adds that plaintiff hand-delivered a picture of "'Danielll of www.streamen.com' . . . and a copy of
12 his 'Kennedy Assassination Porn Show' . . . to the guy at the from desk of the Chase Bank
13 Building at 595 Market Street," who "stated that he would make sure that personnel at the
14 Columbian Consulate got it." *Id*. at 2. It also states that plaintiff is attempting to obtain a
15 passport, which he allegedly needs so he can take a trip to Columbia to find "Danielll" and
16 question him about his "Kennedy Assassination Porn Show." *Id*. at 2-3.
17     As previously explained in the dismissal of the original complaint, although pro se
18 pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a
19 complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth
20 "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,
21 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed.
22 R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to
23 relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's
24 elements will not do. Factual allegations must be enough to raise a right to relief above the
25 speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations
26 omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack
27 of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police*
28 *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively.  Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction.  *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise.  *Kokkonen*, 511 U.S. at 376-78.  Lack of subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Here, plaintiff has not had the opportunity to cure the defects in his complaint.  His amended complaint again fails to state any specific causes of action or any facts in support of those causes of action, and he has not specifically alleged any basis for this court's jurisdiction.  Because it appears that further amendment would be futile, the amended complaint should be dismissed without leave to amend.  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (while

3

the court ordinarily would permit a pro se plaintiff amend, leave to amend should not be granted where it appears amendment would be futile).

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's amended complaint, ECF No. 4, be dismissed without leave to amend; and

2. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  April 14, 2015.

                                 EDMUND F. BRENNAN
                                 UNITED STATES MAGISTRATE JUDGE